[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11979
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-02941-VEH

KRISTOPHER SWAIN,

Plaintiff-Appellant,

versus

PRECISION STRIP, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 5, 2013)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Kristopher Swain appeals the summary judgment against his pro se complaint that Precision Strip violated Title VII of the Civil Rights Act of 1964 by terminating him after a supervisor learned of his interracial marriage.  42 U.S.C. §§ 2000e-2(a), 1981.  The district court ruled that Swain failed to establish a prima facie case of race-based disparate treatment and, alternatively, failed to establish that the legitimate, nondiscriminatory reason proffered for his termination was pretextual.   We affirm.

The district court did not err when it entered summary judgment in favor of Precision Strip.  Even if we assume that Swain established a prima facie case, he presented no evidence that his disciplinary record was merely a pretext for disparate treatment based on race.  See Cooper v. S. Co., 390 F.3d 695, 725 (11th Cir. 2004), overruled on other grounds, Ash v. Tyson Foods, Inc., 546 U.S. 454, 457, 126 S. Ct. 1195, 1197 (2006).  Affidavits prepared by the plant manager, Brian Rismiller, and the three members of the management team responsible for Swain's discharge, Delilah Glover, Roslyn Bruns, and Nick Moorman, established that they terminated Swain based on his repeated violations of the safety, performance, and attendance policies of Precision Strip.  And Swain failed to create a genuine factual dispute about the legitimacy of those reasons.  Swain testified about twice violating the safety and attendance policies and being placed on an attendance improvement plan, and he did not deny that he had been placed

2

on a performance improvement plan and received multiple verbal warnings, two written warnings, and one suspension for violating six different safety and performance rules.  Swain complained that he was terminated because Rismiller disapproved of Swain's interracial marriage, but Swain testified that Rismiller met Swain's wife at a picnic more than three years before he was fired and never later commented on the marriage or his wife's race.  Glover, Bruns, and Moorman averred that they did not mention Swain's marriage when deciding whether to terminate Swain, and Bruns and Moorman averred that they were unaware Swain's wife was white.

We **AFFIRM** the summary judgment in favor of Precision Strip.